`UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-213-H

TACO BELL CORP., *et al.*

PLAINTIFFS

V.

DAIRY FARMERS OF AMERICA, INC., *et al.* DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, twenty-seven (27) Taco Bell restaurant operators, originally filed this lawsuit in Jefferson Circuit Court. Their principal places of business are in seven different states, including Kentucky, Kansas and Missouri. Defendants are the Dairy Farmers of America ("Dairy Farmers") and two of its officers, collectively residents of Kansas and Missouri. Plaintiffs allege that the Dairy Farmers breached their contract with Unified Foodservice Purchasing Co-op, LLC ("UFPC"), the purchasing arm of Taco Bell's parent company, Yum! Brands, and that Plaintiffs have the right to enforce that contract as third-party beneficiaries. Citing diversity jurisdiction, Defendants removed to federal court, arguing that the twenty-five (25) non-diverse Plaintiffs had been fraudulently joined. Plaintiffs now move to remand.[1]

This motion presents several complicated and interesting issues of first impression for courts within the Sixth Circuit. With that in mind, the Court held a conference with the parties, where both sides were ably represented with excellent arguments. Ultimately, however, the Court finds that the pending motions turn on basic principles of removal jurisdiction and the

---

[1] Defendants also immediately moved to dismiss the twenty-five (25) Plaintiffs they believe to be fraudulently joined. The Court will consider the jurisdictional issues first.

concept of fraudulent joinder. For the reasons that follow, the Court remands.

**I.**

Few facts are directly relevant to the pending motions. UFPC entered a contract with the Dairy Farmers providing that they would supply Yum! Brands' restaurants, including Taco Bells, with cheese ("the Contract"). The Contract designated all Taco Bell operators as "designated affiliates" of UFPC and third-party beneficiaries to the Contract. Plaintiffs, some of those "designated affiliates," claim that the Dairy Farmers ran up the price of cheese in violation of the Contract and, as a result, Plaintiffs were overcharged for their purchases.

The Contract contains the following forum selection clause:

> 30. <u>Applicable Law and Venue</u>. This Agreement shall be construed and enforced in accordance with the internal laws of the Commonwealth of Kentucky. The exclusive venue for any proceeding between the Co-op [UFPC] and Supplier [Dairy Farmers] relating to the provisions hereof shall be in Jefferson County, Kentucky, subject to the provisions of Section 40. The exclusive venue for any proceeding between Supplier [Dairy Farmers] and any Designated Affiliate [Plaintiffs] shall be the locality of the Designated Affiliate's principal place of business.

This clause is at the heart of the pending motions. Its last sentence would appear to require that any legal action by Plaintiffs to enforce their contractual rights as "designated affiliates" be brought in the jurisdiction of their own principal place of business.

Defendants assert that twenty-five (25) of the Plaintiffs, operators of Taco Bells that have their principal place of business in states other than Kentucky, were "fraudulently joined" here because, under the forum selection clause, their actions can only be maintained in a jurisdiction other than Kentucky, that is, one which encompasses their specific principal place of business. Excluding those Plaintiffs from the lawsuit creates diversity,[2] allowing this Court to maintain

---

[2] The only remaining Plaintiffs would be citizens of Kentucky and Defendants are citizens of Kansas and Missouri.

2

jurisdiction. Otherwise, complete diversity is lacking because several Plaintiffs and Defendants are citizens of the same states, Kansas and Missouri.

## II.

"[A] party 'seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction.'" *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994)). Where non-diverse parties are present, a removing party must show that those parties were fraudulently joined to the lawsuit. *Id.*

> To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a *colorable basis* for predicting that a plaintiff *may* recover against non-diverse defendants, this Court *must remand* the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Id.* (quotations omitted) (emphasis added). This standard creates a very high burden for the removing party. It is essential to remember that the Court must examine this issue exclusively within the framework of removal jurisprudence. But first the Court must resolve three preliminary issues.

## A.

The parties debate at great length whether the fraudulent joinder doctrine can ever apply to the joinder of plaintiffs. Certainly, the doctrine is generally applied to joinder of defendants. The Sixth Circuit has never affirmatively addressed this issue and only a few district courts from other circuits have done so. The majority of those courts have held, without much discussion, that fraudulent joinder can apply to both defendants and plaintiffs. *See, e.g., Miller v. Home*

3

*Depot, U.S.A., Inc.*, 199 F.Supp. 2d 502, 508 (W.D. La. 2001) ("The fraudulent joinder doctrine can be applied to the alleged fraudulent joinder of a plaintiff."); *Sims v. Shell Oil Co.*, 130 F. Supp. 2d 788, 798 (S.D. Miss. 1999) ("The principles of the doctrine of fraudulent joinder . . . apply to fraudulently joined defendants as well as fraudulently joined plaintiffs."). At least one court, however, has discussed the issue in depth and held that fraudulent joinder only applies to defendants. *Johnston Industries, Inc. v. Milliken & Co.*, 45 F. Supp. 2d 1308, 1312 (M.D. Ala. 1999). For the following reasons, this Court sides with the majority view.

There is no significant difference between fraudulent joinder of plaintiffs and fraudulent joinder of defendants.[3] The primary purpose of fraudulent joinder is to ensure that plaintiffs do not avoid diversity jurisdiction by pleading illegitimate claims involving non-diverse parties. *See, e.g., Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) ("Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action."). That purpose is fulfilled both where the plaintiff improperly sues non-diverse defendants against whom it has no viable claim and where the plaintiff joins additional non-diverse plaintiffs who have no viable claims.

---

[3] Plaintiffs argue that defendants have an alternative remedy when plaintiffs are fraudulently joined. According to Plaintiffs, a defendant may simply move to dismiss the fraudulently joined plaintiff in the state court action and then, upon dismissal, remove. However, there are significant time limitations on diversity jurisdiction removal. It is possible that a motion to the state court may exceed those time limits, thus eliminating the possibility of removal despite the propriety of diversity jurisdiction.

**B.**

Next, the parties debate the proper application of the fraudulent joinder doctrine in our circumstances. As explained, the Sixth Circuit standard is clear: "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the district] Court must remand the action to state court." *Coyne*, 183 F.3d at 493. Citing this language, the non-diverse plaintiffs argue that they need only have a viable claim in *some* court, not necessarily Jefferson Circuit Court, to destroy diversity jurisdiction.[4] Defendants counter that the non-diverse plaintiffs must have viable claims in the state court to which the case would be remanded to avoid fraudulent joinder. This debate, too, raises interesting and difficult legal questions.[5] Nevertheless, the Court need not resolve it. Rather, the Court will assume, for purposes of this discussion, that Defendants' view is correct: a plaintiff is fraudulently joined when he cannot assert a viable claim against non-diverse defendants *in the state court* in which the action was originally filed.

**C.**

Finally, the parties debate whether Kentucky or federal law should be used to determine the viability of the non-diverse Plaintiffs' claims.[6] Both parties agree that the key issue is the

---

[4] Everyone agrees that the non-diverse plaintiffs have viable substantive legal claims against Defendants.

[5] The following provides an example of one of the interesting issues raised. Imagine a plaintiff, who has a proper legal claim against both a major corporation that is diverse to plaintiff and its employee, who is non-diverse to plaintiff, brings an action in a Kentucky state court. Assume that corporation may be sued in any state, but the employee is subject to suit only in Indiana. Thus, Plaintiff could properly proceed against both defendants in a single action in Indiana, but may not in Kentucky. In such a case, the Court has some pause over whether removal to a federal court in Kentucky based on fraudulent joinder would be appropriate. As explained, however, the Court need not, and does not, address this question.

[6] Defendants argue in favor of federal law and Plaintiffs in favor of state law. Presumably, there are differences in the two laws that might favor the respective parties. The Court need not determine this one way or another.

5

enforceability of the forum selection clause. As explained, if enforced, the non-diverse plaintiffs should be dismissed and the action may proceed under diversity jurisdiction. If unenforced, complete diversity is lacking and remand is required.

Remand, and more specifically fraudulent joinder, requires consideration of whether there is "a colorable basis for predicting that a plaintiff may recover against [a] non-diverse defendant [in state court]." *Coyne*, 183 F.3d at 493. To do so, it necessarily requires the Court to view this case from the perspective of the Jefferson Circuit Court. If that court would allow the action to proceed, then remand is appropriate. In such circumstances, the Jefferson Circuit Court would, without doubt, apply Kentucky law, not federal law, to determine the enforceability of the forum selection clause.

At the conference, Defendants relied heavily on *Wong v. PartyGaming Ltd.*, 589 F.3d 821 (6th Cir. 2009), which holds that "in [a] diversity suit, the enforceability of the forum selection clause is governed by federal law." *Id.* at 828. For the reasons that follow, however, the rule in *Wong* does not govern the question which confronts this Court. In *Wong*, the circuit held that in a diversity case the court must apply federal procedural law to determine the applicability of the forum selection clause. That result makes sense where diversity jurisdiction is certain and procedural issues are in dispute.[7] However, in the context of the Court's current remand/fraudulent joinder analysis, the choice of law is quite different. The Court must determine whether these twenty-five Plaintiffs have viable claims in state court. *Wong* does not govern this question.

---

[7] Federal courts apply federal procedural law, even in diversity cases. There is plenty of disagreement among the circuits about whether a forum selection clause implicates procedural or substantive law. *Id.* 826-28.

Therefore, for the purposes of determining fraudulent joinder, this Court must view the issue through the lens of Kentucky law.

**IV.**

Having narrowed the issues properly, the way is now clear to consider the ultimate question: Could the Jefferson Circuit Court find that the forum selection clause should not be enforced and, therefore, allow the non-diverse Plaintiffs to maintain their lawsuit? Plaintiffs present two strong arguments for why the proper answer is "yes:" (1) the forum selection clause benefits only Plaintiffs and, therefore, they may waive it; and (2) enforcement of the forum selection clause would be unreasonable and unjust under the circumstances. Defendants present compelling arguments to the contrary. The Court need not determine which argument is correct, or even which is likely to succeed. Rather, so long as there are "ambiguities in the controlling ... state law," the Court must resolve them in favor of Plaintiffs, the non-removing party. *Id.* If Plaintiffs arguments are "colorable," remand is necessary. *Id.*

Plaintiffs first argue that they may waive the forum selection clause because it benefits them alone. To be sure, Kentucky has long recognized the basic notion that a party to a contract may waive any provision entered solely for its benefit. *See, e.g., Clarke v. City of Albany*, 261 S.W.2d 435, 436 (Ky. 1953). Kentucky courts have never addressed whether a forum selection clause such as the one involved here can benefit only a single party and, therefore, be waived. It is entirely reasonable to believe that they would find in favor of Plaintiffs.

Defendants present a strong argument that numerous courts have found forum selection clauses benefit both parties to a contract. *See, e.g., Park Inn Intern., L.L.C. v. Mody Enterprises, Inc.*, 105 F. Supp. 2d 370, 378 (D.N.J. 2000) ("[E]conomic benefits, convenience and efficiency

7

derived from the forum selection clause are enjoyed, pre-dispute, by both parties to an agreement."). However, these cases generally involve "typical" forum selection clauses that designate a single, specific venue for the action. As Defendants noted at the conference, such clauses create certainty in the contract; they ensure that only one action will be brought in one location under specific terms. Even if that location is a given, single home state of the opposing party, at least the other party has security in knowing where the action will be brought.

The same cannot be said of the forum selection clause here. It subjects Defendants to suit in every state. Therefore, the "benefits" generally seen as applying to both parties are not present. In fact, Defendants have not cited a single way in which the forum selection clause benefits them.[8] It is entirely possible that Kentucky courts may conclude that this particular forum selection clause benefits only Plaintiffs and they may waive it. Such a conclusion would allow the non-diverse Plaintiffs to proceed in state court, meaning they were not fraudulently joined.

To be clear, the Court is not deciding that Plaintiffs will succeed on their waiver argument in Jefferson Circuit Court. In fact, the Court is not even stating that it is likely Plaintiffs will succeed. Rather, the Court is following the Sixth Circuit's basic mandate in fraudulent joinder cases: "The district court must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand." *Coyne,* 183 F.3d at 493. It would not be contradictory to this Court's findings that, on remand, the Jefferson Circuit Court could find

---

[8] Defendants do contend, however, that the clause cannot solely benefit Plaintiffs because they now claim its application harms them and they seek to waive it. If proper, such an argument would preclude any party from waiving a contractual provision intended solely for its benefit because their mere waiver may be deemed an admission that it does not solely benefit them. This, of course, is not the law.

the forum selection clause enforceable and that the non-Kentucky Plaintiffs should be dismissed. In such an event, Defendants may be able to remove again, assuming statutory time limits are met.

For our purposes, however, there is sufficient ambiguity regarding Kentucky's enforcement of this forum selection clause to negate a claim of fraudulent joinder and to require remand.[9]

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is SUSTAINED and the action is REMANDED to Jefferson Circuit Court.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is MOOT.

cc: Counsel of Record

---

[9] Because the Court finds that Plaintiffs may succeed on their waiver argument in state court, there is no need to address Plaintiffs' argument that enforcement of the forum selection clause would be unreasonable or unjust. However, the Court notes that such an argument is likely to raise additional doubts as to the propriety of removal, thus necessitating remand.